In the Matter of the Claim of SAMUEL BRAITER, Respondent, against ADDIE Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from that portion of an award for double indemnity which was made against the employer on account of its violation of section 131 of the Labor Law. Claimant, at the time of the injury, was a minor under seventeen years of age. He had worked for the employer for about two years, and concededly represented himself to be twenty years old at the time of his employment. Because of that representation, and as the person who employed him testified that he appeared to be more than seventeen years of age, an employment certificate was not required. These facts do not justify an employment without requiring the presentation of certificates mentioned in section 131 of the Labor Law. (*Matter of Cross* v. *General Motors Corporation*, 223 App. Div. 803; affd., 249 N. Y. 522; *Matter of Kociolowicz* v. *Tonawanda Corrugated Box Co., Inc.*, 252 App. Div. 716.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Application of ANDREW GAZDUN, Petitioner, for a Certiorari Order against HENRY E. BRUCKMAN and Others, and as Members Constituting the STATE LIQUOR AUTHORITY, Respondents.— Review of a determination of the State Liquor Authority, made July 29, 1938, revoking petitioner's restaurant liquor license pursuant to the provisions of the Alcoholic Beverage Control Law. Charges were made against petitioner that females induced male patrons to purchase alcoholic beverages on the licensed premises on May 29, 1938. A hearing was had, after which a determination was made by the State Liquor Authority, reciting that the licensee had " been found guilty of violating the Alcoholic Beverage Control Law and/or the Rules of the State Liquor Authority." The record before us contains no findings of fact to support the determination, and no proof that a rule of the State Liquor Authority or the statute has been violated. The charge itself does not appear to be a violation of the statute. Determination annulled, and matter remitted to the State Liquor Authority for the purpose of incorporating the findings, if heretofore made, or for the purpose of making such findings; with fifty dollars costs and disbursements to the petitioner against the State Liquor Authority. (*Matter of Elite Dairy Products* v. *Ten Eyck*, 271 N. Y. 488.) Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Application of HENRY E. BRUCKMAN and Others, Constituting the STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Petitioners, Appellants, against ANDREW GAZDUN, Respondent.— Matter transferred from First Judicial Department. [See *ante*, p. 803.] Appeal from an order of the Special Term, entered in New York county clerk's office, denying an injunction against the sale of liquor. The application was made under section 123 of the Alcoholic Beverage Control Law. The motion was denied " with leave to renew in the event the stay now existing is vacated." An order of this court was made on September 13, 1938, continuing the stay granted by the Albany Special Term. That stay could be operative only during the term of the license under which sales were then being made, and expired on the last day of September, 1938. Order reversed, on the law and facts, with ten dollars costs and disbursements, and motion for injunction granted with ten dollars costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.