ROBERT McMAHON, an Infant, by ELMER G. LEVERE, His Guardian ad Litem, Respondent, v. THE CITY OF BUFFALO, Appellant.— Judgment and order affirmed, with costs. Memorandum: The portion of the bottle admitted in evidence and the testimony that it was solidly imbedded in the ground and that its removal was difficult, were ample to permit the jury to draw therefrom the inference that it had been in the park path a sufficient length of time to charge the defendant with constructive notice thereof. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Application of WILLIAM HORNBLASS, Petitioner, against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents.— Determination of the State Liquor Authority confirmed and proceeding dismissed, without costs. Memorandum: We find evidence in the record sufficient to support the determination of the State Liquor Authority, and are of the opinion that petitioner was accorded a fair and impartial hearing. We read the order appealed from as a determination that the relator violated section 106, subdivision 9, of the Alcoholic Beverage Control Law in that he permitted curtains in the windows of the licensed premises which prevented a clear and full view into the interior of the premises from the sidewalk at all times. While orders should clearly specify the violation on which the order is based (*Matter of Gazdun* v. *Bruckman*, 256 App. Div. 882), no point in this regard is made by the relator in this proceeding. All concur. (Review of a determination of the State Liquor Authority cancelling a liquor license.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

JOHN W. DOMBROWSKI, as Administrator, etc., of MARTIN J. DOMBROWSKI, Deceased, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: Taking into consideration the fact that the decedent's view to the west, whence the train came, was to a great extent, obstructed until he had reached a point forty-four feet from the place of collision, that the train approached the crossing at a speed ranging from eighty to eighty-five miles per hour, that the engineer blew the whistle as the train approached the crossing, that the flagman stationed at the crossing failed to give decedent any warning of the approach of said train, that the decedent had used the crossing frequently and knew that a flagman was stationed there, we are unable to say that the findings of the jury that the defendant was negligent in failing to give to the decedent adequate and timely warning of the approach of its train to the crossing and that the decedent was free from contributory negligence are not supported by the weight of the evidence. (See *Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154, 158.) All concur. (The judgment is for plaintiff in a railroad negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.