■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD L. LAMB, Appellant.— Decision of this court dated June 26, 1964, rescinded and application denied, without prejudice to any application defendant may make in Otsego County Court (see *People* v. *Hairston*, 10 N Y 2d 92). Concur— Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of HARRY BROWN, as Saratoga County Clerk, Petitioner. — Application insofar as it seeks an order, pursuant to section 89 of the Judiciary Law, directing the destruction of specified records, granted. Concur— Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

## (October 28, 1964)

■ In the Matter of CEDRIC E. REDMOND, Doing Business as REDMOND'S BILLIARD ROOM AND SMOKE SHOP, Petitioner, v. CAROLINE K. SIMON, as Secretary of State, Respondent.— HERLIHY, J. This is an article 78 proceeding to review a determination of the Secretary of State revoking a billiard license. Section 349 of the Penal Law captioned "Obstructions to view prohibited" states in somewhat broad and general language that windows in a billiard room shall not be constructed so as to "prevent a full, clear and unobstructed view of such billiard or pocket billiard room" and "There shall be no interior billiard room not having a principal door or entrance and such door and all other doors entering such room shall have therein a section of clear glass sufficient to afford a clear view of such billiard room from the outside". The petitioner was the owner of a restaurant and billiard room in the City of Ogdensburg and after written notice of alleged violation pursuant to section 349, a hearing was held, the premises were inspected, following which it was determined that a partition had been erected on the said premises which prevented an unobstructed view of the billiard parlor from the outside and that from inside the restaurant there was not afforded a clear view of the said billiard room. Accordingly, his license was revoked. We are unable to agree with the petitioner that the statute is ambiguous but to the contrary, in our opinion, it seems sufficiently definite so as to give a clear warning of that which it seeks to prevent. The interpretation as found by the representative of the Secretary of State is a fair reading of the intent of the statute, the evidence in the record is sufficient to sustain that finding and accordingly the determination is not arbitrary or capricious. Other statutes impose similar penalties for similar violations. (Cf. *Matter of Hornblass* v. *Bruckman*, 257 App. Div. 916.) Determination confirmed and petition dismissed, with $10 costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.